UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL RIVAS,<br><br>        Plaintiff,<br><br>    v.<br><br>J. COOK,<br><br>        Defendant. | Case No. 1:21-cv-01007-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITH PREJUDICE**<br><br>21-DAY DEADLINE<br><br>Clerk of the Court to Assign a District Judge |

    Daniel Rivas raises claims of due process violations pursuant to 42 U.S.C. § 1983. (Doc. 1.) He alleges that as a result of the violations, he was falsely convicted and incarcerated. (*Id.*) The Court finds that Plaintiff's claims are barred by the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), and the statute of limitations for section 1983 actions. Given that Plaintiff's claims are thus barred, any amendment of the complaint would be futile. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012). Accordingly, the Court recommends that this case be dismissed.

**I.    SCREENING REQUIREMENT**

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff is incarcerated at Correctional Training Facility, Soledad. (Doc. 1 at 1.) In 2010, Plaintiff was arrested and charged with multiple offenses, including robbery, kidnapping, and false imprisonment. (*Id.* at 3.) In 2012, Plaintiff was convicted and sentenced to "many years" in prison. (*Id.* at 3, 4.) Plaintiff contends that a jury "rel[ied] upon the uncontested erroneous and egregious testimony of . . . cell phone expert, Jim Cook." (*Id.* at 4.) He alleges that Mr. Cook "deliberately fabricated . . . evidence with the only purpose to intentionally assist the prosecution in obtaining a criminal conviction against Plaintiff." (*Id.* at 3.) Plaintiff thus claims that "Cook is liable under Section 1983, for deliberate fabrication of false evidence, resulting in Plaintiff's criminal conviction and false imprisonment." (*Id.* at 6.) He seeks compensatory and punitive damages and declaratory relief. (*Id.* at 9.)

## III. DISCUSSION

### A. Favorable Termination Rule of *Heck*

Pursuant to the favorable termination rule of *Heck v. Humphrey*, "to recover damages for allegedly unconstitutional conviction or imprisonment, . . . a [section] 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. 477, 486-87 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 487.

Plaintiff alleges that he was unlawfully convicted and incarcerated due to the defendant's false testimony and fabrication of evidence. (Doc. 1.) He seeks $175,000 for "each year he [has been] falsely imprisoned." (*Id.* at 9.)

It is clear that "a judgment in favor of [P]laintiff would necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 487. Therefore, Plaintiff may not seek damages

2

under section 1983 unless his conviction or sentence has been expunged by an executive order or invalidated by a state court or of a federal writ of *habeas corpus*. *Id.* at 486-87. Plaintiff does not allege that he has sought or obtained such an executive order or ruling by a state or federal court. Therefore, his claims are barred by *Heck*.

### B. Statute of Limitations

The statute of limitations for section 1983 actions "is the personal injury statute of limitations of the state in which the cause of action arose." *Alameda Books, Inc. v. City of Los Angeles*, 631 F.3d 1031, 1041 (9th Cir. 2011) (citations omitted). In California, the statute of limitations for personal injury claims is two years. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (citing Cal. Civ. Proc. Code § 335.1). Hence, the statute of limitations for section 1983 actions arising in California is also two years. *Jackson v. Barn*es, 749 F.3d 755, 761 (9th Cir. 2014) (citation omitted).

In addition to the statute of limitations, federal courts apply "the forum state's law regarding tolling" for section 1983 actions. *Jones*, 393 F.3d at 927 (citation omitted). In California, the statute of limitations is tolled for a maximum of two years if and while a plaintiff is imprisoned, unless the plaintiff is serving a sentence of life without the possibility of parole. Cal. Civ. Proc. Code § 352.1(a); *Brooks v. Mercy Hosp.*, 1 Cal. App. 5th 1, 7 (Cal. Ct. App. 2016) ("only those sentenced to life without possibility of parole should be excluded from the tolling provision" of section 352.1) (citations omitted).

Plaintiff alleges that he was convicted of multiple criminal offenses on June 22, 2012, due to the falsification of evidence by the defendant. (Doc. 1 at 4-6.) Applying the extra two years provided by California Code of Civil Procedure § 352.1, Plaintiff had four years to file suit under section 1983, or until June 22, 2016. Plaintiff initiated this action on June 25, 2021 (*see* Doc. 1), more than five years after the statute of limitations period expired. Plaintiff's claims are thus time-barred.

### IV. CONCLUSION, ORDER, AND RECOMMENDATION

For the reasons set forth above, Plaintiff's complaint fails to state a claim on which relief can be granted. Given that Plaintiff's claims are barred by *Heck* and the statute of limitations, the

3

Court finds that amendment of the complaint would be futile. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012). Accordingly, the Court RECOMMENDS that this action be DISMISSED with prejudice. The Court DIRECTS the Clerk of the Court to assign a district judge to this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 21 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 27, 2021**        **/s/ Jennifer L. Thurston**
CHIEF UNITED STATES MAGISTRATE JUDGE