UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL RIVAS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>J. COOK,<br><br>　　　　　　Defendant. | No. 1:21-cv-01007-DAD-JLT (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION WITHOUT PREJUDICE<br><br>(Doc. No. 6) |

Plaintiff Daniel Rivas is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 28, 2021, the assigned magistrate judge issued findings and recommendations, recommending that this action be dismissed because it is barred by the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477 (1994), and the statute of limitations applicable to § 1983 actions. (Doc. No. 6.) Based on the conclusion that plaintiff's claims were barred, the magistrate judge found that any amendment to the complaint would be futile. (*Id.* at 3–4 (citing *Akhtar v. Mesa*, 698 F.3d 1202, 1212–13 (9th Cir. 2012).) The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within twenty-one

/////

(21) days from the date of service.  (*Id.* at 4.)  Plaintiff filed objections on July 19, 2021.  (Doc. No. 8.)

In his objections, plaintiff does not dispute the magistrate judge's findings that his claims are barred by the favorable termination rule of *Heck*.  (*See* Doc. No. 8 at 2.)  Rather, plaintiff contends that the court should stay this matter until a related federal *habeas* proceeding is resolved.  (*Id.* at 2–3.)  The court declines to do so.  *See Heck*, 512 U.S. at 487 ("when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint *must be dismissed*  unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated") (emphasis added).

Plaintiff additionally objects to the magistrate judge's findings that his claims are barred by the applicable statute of limitations.  (Doc. No. 8 at 2–3.)  Plaintiff appears to contend that his claims will not accrue until his allegedly wrongful criminal conviction has been overturned.  (*Id.*)  The court acknowledges that a § 1983 claim for unlawful conviction or imprisonment does not accrue until the conviction or sentence has been invalidated.  *See Heck*, 512 U.S. at 489–90; *see also Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998).  For this reason, the court will not dismiss this action on statute of limitations grounds.  However, the court will dismiss this action as barred at this time by the holding in *Heck*.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis to the extent they recommend dismissal under *Heck*.

Accordingly,

1. The findings and recommendations issued on June 28, 2021 (Doc. No. 6) are adopted to the extent they recommend dismissal based on the favorable termination rule of *Heck*, 512 U.S. 477;

/////

/////

2

1    2.   This action is dismissed; and

2    3.   The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **August 16, 2021**                  /s/ Dale A. Drozd
                                             UNITED STATES DISTRICT JUDGE